IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> HOOP HOLDINGS, LLC, <br> a Delaware limited liability company, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-10544 (BLS) <br><br> Jointly Administered |
| HOOP LIQUIDATING TRUST, by and through Anthony J. Pacchia as Liquidating Trustee, <br><br> Plaintiff, <br><br> v. <br><br> MACROSOFT INC., <br><br> Defendant. | Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND FOR OTHER RELIEF**

The Hoop Liquidating Trust (the "Trust" or "Plaintiff"), by and through Anthony J. Pacchia as Liquidating Trustee (the "Trustee"), by and through its undersigned counsel, hereby alleges for its Complaint against defendant Macrosoft Inc. (the "Defendant") as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by Hoop

---

[1] The Debtors are the following three entities: Hoop Holdings, LLC, a Delaware limited liability company; Hoop Retail Stores, LLC, a Delaware limited liability company; and Hoop Canada Holdings, Inc., a Delaware corporation. An additional affiliate of the Debtors, Hoop Canada, Inc., a New Brunswick corporation, applied in Canada for protection from its creditors on March 27, 2008, pursuant to the Canadian Companies' Creditors Arrangement Act (the "Canadian Proceeding").

Holdings, LLC or one of the other debtor entities identified in footnote 1 hereof (collectively the "Debtors") to Defendant and for related relief. Plaintiff seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 547 and/or 548 and recovering the transfers pursuant to 11 U.S.C. § 550, and disallowing any claim of the Defendant including pursuant to 11 U.S.C. § 502(d) until Defendant pays the transfers at issue in full to Plaintiff.

2. To the extent that Defendant has filed a proof of claim or has a claim listed on Debtors' schedules as undisputed, liquidated and not contingent, or has otherwise requested payment from Debtors or the Trust (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claims for any reason, including, but not limited to, Section 502(a) through (j) of the Bankruptcy Code ("Section 502"), and such rights are expressly reserved.

3. Notwithstanding the reservation of rights set forth above, certain relief pursuant to Section 502 is sought by Plaintiff herein as further stated below.

## JURISDICTION

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

6. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (E) and (F).

## BACKGROUND AND PARTIES

7. On March 26, 2008 (the "Petition Date"), Debtors commenced their respective Chapter 11 cases (collectively, the "Bankruptcy Cases") by filing voluntary

petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

8. As of March 24, 2008, prior to their Petition Date, the Debtors owned and operated approximately 306 Disney Stores in the United States and sold merchandise through an internet store.

9. During the two years prior to the Petition Date, the Debtors suffered severe operating losses in an amount of at least $30 million. Since the date of their formation, the Debtors never had a profitable year.

10. On December 15, 2008, the Court entered its *Order Confirming the Chapter 11 Plan of Liquidation of the Debtors* [Docket No. 1550]. The Debtors' Chapter 11 Plan of Liquidation, as amended (the "Plan"), became effective in accordance with its terms on December 26, 2008.

11. The Trust was established pursuant to the Plan. In accordance with the Plan, the Trustee, on behalf of the Trust, is authorized to pursue the claims and causes of action set forth herein.

12. Pursuant to the Plan, unsecured creditors of the Debtors' estates are not entitled to receive the full amount of their respective allowed claim(s).

13. Upon information and belief, the Defendant is a corporation or other legal entity whose state of incorporation or formation is Delaware.

14. Defendant transacted business with one or more of the Debtors prior to the Petition Date.

RLF1 3523846v.1

## THE TRANSFERS

15. On or within 90 days prior to the Petition Date (the "Preference Period"), one or more of the Debtors made one or more transfers of an interest of Debtors in property to or for the benefit of Defendant, as more fully set forth in Exhibit A hereto.

16. Exhibit A reflects Plaintiff's current knowledge of the transfers made to the Defendant during the Preference Period. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. Plaintiff's intention is to avoid and recover all such transfers, whether such transfers presently are reflected in Exhibit A or not. Collectively, all transfers made by Debtors of an interest of Debtors in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected in Exhibit A or not) are referred to herein as the "Transfers".

## CLAIMS FOR RELIEF

### COUNT I
### (11 U.S.C. § 547)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 16 hereof with the same force and effect as if fully set forth herein at length.

18. The Transfers constituted transfers of an interest of one or more of the Debtors in property.

19. The Transfers were made to or for the benefit of the Defendant, who was a creditor of one or more of the Debtors.

20. The Transfers were made for or on account of an antecedent debt(s) owed by one or more of Debtors before such Transfers were made.

RLF1 3523846v.1

21. The Transfers were made while Debtors were insolvent.

22. The Transfers enabled the Defendant to recover more than it would have received if (a) the Transfers had not been made, (b) Debtors' Chapter 11 cases were instead cases under Chapter 7, and (c) Defendant had received payment of its debt to the extent provided by the provisions of the Bankruptcy Code

23. As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the Transfers pursuant to Section 547 of the Bankruptcy Code.

## COUNT II
## (11 U.S.C. § 548)

24. Plaintiff pleads Count II in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 23 hereof with the same force and effect as if fully set forth herein at length. Plaintiff brings Count II in the event that Defendant asserts that one or more of the Transfers was not made on account of an antecedent debt.

25. The Transfers constituted transfers of an interest of one or more of the Debtors in property.

26. The Debtors received less than a reasonably equivalent value in exchange for the Transfers.

27. The Debtors: (i) were insolvent on the date that the Transfers were made, or became insolvent as a result of such Transfers; (ii) were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or (iii) intended to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

RLF1 3523846v.1

28. As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the Transfers pursuant to Section 548 of the Bankruptcy Code.

## COUNT III
## (11 U.S.C. § 550)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 28 hereof with the same force and effect as if fully set forth herein at length.

30. Defendant is the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or the immediate or mediate transferee of the initial transferee receiving such Transfers.

31. Plaintiff is entitled to recover the value of each of the Transfers pursuant to Section 550(a) of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
## (11 U.S.C. § 502(d) and (j))

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31 hereof with the same force and effect as if fully set forth herein at length.

33. Defendant is a transferee of transfers avoidable under either Section 547 or Section 548 of the Bankruptcy Code and an entity from whom property is recoverable under Section 550 of the Bankruptcy Code.

34. Defendant has not paid the amount of the transfers for which Defendant is liable under Section 550 of the Bankruptcy Code.

35. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant against the Plaintiff and/or Debtors' estates must be disallowed until such time as

Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

36. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Plaintiff and/or Debtors' estates previously allowed by the Debtors or the Plaintiff, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Preference Period Transfers, plus interest thereon and costs.

## COUNT V
### (Attorneys' Fees and Costs)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 36 hereof with the same force and effect as if fully set forth herein at length.

38. By reason of the foregoing, Plaintiff should be awarded its attorneys' fees and costs incurred in bringing and pursuing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant: (a) awarding Plaintiff at least the sum of the Transfers, plus pre-judgment interest and post-judgment interest until the entire amount of the judgment is paid by Defendant; (b) disallowing Defendant's Claims against the Plaintiff and/or Debtors; (c) awarding Plaintiff its costs, fees (including attorneys' fees) and expenses associated with the prosecution of this action; and (d) granting such other and further relief as is just and proper.

Dated:  January **7**, 2010  
        Wilmington, Delaware

*/s/ Marcos A. Ramos*  
Russell C. Silberglied (No. 3462)  
Marcos A. Ramos (No. 4450)  
Marisa A. Terranova (No. 5396)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701  
Email: ramos@rlf.com

*Attorneys for Plaintiff*

Exhibit A

| Vendor Name | Cleared Date | Check Amount | Pymt Type | Check # |
|---|---|---|---|---|
| MACROSOFT INC | 1/23/08 | 12,220.00 | CHK | 93249 |
| Sub Total | | 12,220.00 | | |