## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HOOP HOLDINGS, LLC, a Delaware | ) | Case No. 08-10544 (BLS) |
| limited liability company, <u>et al.</u>,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |
| DISNEY STORE USA, LLC, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Adv. Proc. No. 08-51877 (BLS) |
|  | ) |  |
| ELDER JONES, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |
| HOOP LIQUIDATING TRUST, | ) |  |
| by and through Anthony J. Pacchia as | ) |  |
| Liquidating Trustee, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Adv. Proc. No. [See Attached Exhibit A] (BLS) |
|  | ) |  |
| [See Attached Exhibit A] | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## NOTICE OF AGENDA OF MATTERS SCHEDULED
## FOR HEARING ON MAY 19, 2010 AT 3:00 P.M. (EDT)

---

[1] The Debtors are the following three entities: Hoop Holdings, LLC, a Delaware limited liability company; Hoop Retail Stores, LLC, a Delaware limited liability company; and Hoop Canada Holdings, Inc., a Delaware corporation. An additional affiliate of the Debtors, Hoop Canada, Inc., a New Brunswick corporation, applied in Canada for protection from its creditors on March 27, 2008, pursuant to the Canadian Companies' Creditors Arrangement Act (the "Canadian Proceeding"). The Canadian Proceeding is being administered in Canada concurrently herewith.

I.    **CONTINUED MATTERS**

1.    Motion of General Growth Management and Kravco Simon Company to Compel Prompt Payment of Cure Amounts for Assumption and Assignment of Unexpired Non-Residential Real Property Leases [Docket No. 397; filed 5/12/08]

Objection Deadline:  May 22, 2008 at 4:00 p.m. (EDT)

Objections/Responses Received:

A.    Disney's Response to Motion of General Growth Management and Kravco Simon Company to Compel Prompt Payment of Cure Amounts for Assumption and Assignment of Unexpired Non-Residential Real Property Leases [Docket No. 442; filed 5/27/08]

Status:  The hearing on this matter is continued to the hearing scheduled for June 30, 2010 at 3:00 p.m. (EDT). The parties have reached a resolution regarding this matter and are in the process of documenting that resolution.

2.    Motion of Harte-Hanks, Inc. Pursuant to Section 553 of the Bankruptcy Code to Effectuate Setoff of Pre-Petition Debts [Docket No. 1322; filed 10/7/08]

Objection Deadline:  October 28, 2008 at 4:00 p.m. (EST); extended to December 8, 2008 for Debtors.

Objections/Responses Received:

A.    The Hoop Liquidating Trust's Objection to the Motion of Harte-Hanks, Inc., Pursuant to Section 553 of the Bankruptcy Code to Effectuate Setoff of Prepetition Debts [Docket No. 1762; filed 4/3/09]

Status:  The hearing on this matter is continued to the hearing scheduled for June 30, 2010 at 3:00 p.m. (EDT).

3.    Debtors' Fourth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1706; filed 2/27/09]

Objection Deadline:  March 18, 2009 at 4:00 p.m. (EDT); extended to June 16, 2009 for informal responses.

Objections/Responses Received:

A.    Response of Tanger Properties Limited Partnership, COROC/Rivera LLC, TWMB Associates. LLC and Deer Park Enterprise, LLC, to Debtor's Fourth Omnibus Objection to Claim (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1732; filed 3/17/09]

Related Documents:

i.      Order Granting Debtor's Fourth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1804; 4/28/09]

ii.     Order (Second) Granting Debtor's Fourth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1845; filed 6/1/09]

iii.    Order (Third) Granting Debtor's Fourth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1924; filed 8/26/09]

iv.     Order (Third) Granting Debtor's Fourth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1959; filed 9/30/09]

v.      Order Approving Stipulation Resolving Claim of Coroc/Rivera L.L.C. [Docket No. 1966; filed 10/6/09]

vi.     Order Approving Stipulation Resolving Claim of Deer Park Enterprise, LLC [Docket No. 1967; filed 10/6/09]

vii.    Order (Fifth) Granting Debtors' Fourth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1975; filed 10/28/09]

viii.   Order (Sixth) Granting Debtors' Fourth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 2124; filed 3/11/10]

Status:  With respect to all remaining claims, the hearing on this matter is continued to the hearing scheduled for June 30, 2010 at 3:00 p.m. (EDT).

4.      The Hoop Liquidating Trust's Eighth Omnibus Objection to Claims (Non-Substantive) and Motion to   Disallow Such Claims [Docket No. 1729; filed 3/17/09]

Objection Deadline:   April 6, 2009 at 4:00 p.m. (EDT)

Objections/Responses Received:

A.      Informal response received from Michelle DeMarco-Reyes.

RLF1 3570994v. 1

Related Documents:

i.      Order Granting the Hoop Liquidating Trust's Eighth Omnibus Objection to Claims (Non-Substantive) and Motion to Disallow Such Claims [Docket No. 1803; filed 4/28/09]

Status:   With respect to all remaining claims, the hearing on this matter is continued to the hearing scheduled for June 30, 2010 at 3:00 p.m. (EDT).

5.      The Hoop Liquidating Trust's Ninth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1807; filed 4/28/09]

Objection Deadline:   May 18, 2009 at 4:00 p.m. (EDT)

Objections/Responses Received:

A.      Response to The Hoop Liquidating Trust's Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims by the United States on behalf of its Bureau of Customs and Border Protection [Docket No. 1821; filed 5/18/09]

B.      Amstore Corporation's Response to The Hoop Liquidating Trust's Ninth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1876; filed 6/17/09]

Related Documents:

i.      Order Granting The Hoop Liquidating Trust's Ninth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1865; filed 6/8/09]

ii.     Order Approving Stipulation Between the Hoop Liquidating Trust and Regency Enterprises, Inc. Regarding the Ninth Omnibus Objection to Claims [Docket No. 1889; filed 7/10/2009]

Status:   With respect to all remaining claims, the hearing on this matter is continued to the hearing scheduled for June 30, 2010 at 3:00 p.m. (EDT).

6.      Debtors' Twelfth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claim [Docket No. 1901; filed 7/27/09]

Objection Deadline:   August 19, 2009 at 4:00 p.m. (EDT)

RLF1 3570994v. 1

Objections/Responses Received:

A.      Informal responses received from: Kawasaki Kisen Kaisha Ltd., and S.P. Apparels Ltd.

Related Documents:

i.      Order Granting Debtors' Twelfth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 1923; filed 8/26/09]

ii.     Order (Second) Granting Debtors' Twelfth Omnibus Objection to Claims (Substantive) and Motion to Reduce and/or Reclassify Such Claims [Docket No. 12125; filed 3/11/09

Status:  With respect to all remaining claims, the hearing on this matter is continued to the hearing scheduled for June 30, 2010 at 3:00 p.m. (EDT).

## II.     **ADVERSARY PROCEEDING**

7.      Disney Store USA, LLC v. Elder-Jones, Inc. (Adv. Pro. No. 08-51877)

Related Documents:

i.      Complaint for Declaratory and Injunctive Relief [Adv. Docket No. 1; filed 12/12/08]

ii.     Summons and Notice of Pretrial Conference in an Adversary Proceeding [Adv. Docket No. 2; filed 12/12/08]

Status:  This adversary matter is continued to the hearing scheduled for June 30, 2010 at 3:00 p.m. (EDT).  The parties have reached a resolution regarding this matter and are in the process of documenting that resolution.

## III.    **MATTER WITH CERTIFICATION OF COUNSEL**

8.      The Hoop Liquidating Trust's Thirteenth Omnibus Objection to Claims (Non-Substantive) and Motion to Disallow Such Claims [Docket No. 2098; filed 2/22/10]

Objection Deadline:   March 17, 2010 at 4:00 p.m. (EDT)

Objections/Responses Received:

A.      Informal response received from Jesus Baez.

Related Documents:

i.      Certification of Counsel [Docket No. 2138; filed 3/19/10]

ii.     Order Granting the Hoop Liquidating Trust's Thirteenth Omnibus Objection to Claims (Non-Substantive) and Motion to Disallow Such Claims [Docket No. 2143; filed 3/23/10]

iii.    Certification of Counsel Regarding Stipulation Resolving the Claims of Nicolas Baez [Docket No. 21365; filed 5/17/10]

Status:  An order was previously entered with respect to all remaining claims. The Debtors filed a certification of counsel on May 17, 2010 with respect to the claim of Nicolas Benz. Accordingly, a hearing on this matter is necessary only to the extent the Court has questions or concerns.

## IV.    PRE-TRIAL CONFERENCES IN ADVERSARY PROCEEDINGS

9.      Hoop Liquidating Trust, by and through Anthony J. Pacchia as Liquidating Trustee v. [See attached Exhibit A]

Objections/Responses Received:  None at this time.

Related Documents:

i.      Notice of Filing of Status Report  [Filed: 5/17/10]

Status:  The Court will hold initial pre-trial conferences in these matters pursuant to Del. Bankr. L.R. 7016-1.  Plaintiff also will ask the Court to enter a form of scheduling order, a copy of which is attached hereto as Exhibit B.

Dated:  May 17, 2010                          Respectfully submitted,
        Wilmington, Delaware

                                             /s/ Travis McRoberts
                                             Mark D. Collins (No. 2981)
                                             Daniel J. DeFranceschi (No. 2732)
                                             Chun I. Jang (No. 4790)
                                             Travis A. McRoberts (No. 5274)
                                             RICHARDS, LAYTON & FINGER, P.A.
                                             One Rodney Square
                                             920 North King Street
                                             Wilmington, Delaware 19801
                                             Telephone:  (302) 651-7700
                                             Fascimile:  (302) 651-7701

-and-

Glenn B. Rice
David M. Posner
OTTERBOURG, STEINDLER, HOUSTON
& ROSEN, P.C.
230 Park Avenue
New York, NY 10169-0075
Telephone:  (212) 661-9100
Facsimile:  (212) 682-6104

*Attorneys for the Hoop Liquidating Trust*

**Exhibit A**

Exhibit A

| Defendant Name | Adv. Case No. |
|---|---|
| Margaret E Wray | 10-50006 |
| Star Global (North America Ltd) | 10-50007 |
| Streamline Graphics | 10-50008 |
| Tekserve POS, LLC | 10-50009 |
| The Burton Corporation | 10-50010 |
| Time Concepts | 10-50011 |
| Total Transportation Services | 10-50012 |
| Tricarico Architecture | 10-50013 |
| United Van Lines, Inc | 10-50014 |
| US Lines Limited | 10-50015 |
| Mettel | 10-50016 |
| Morgan Marshall Industries | 10-50017 |
| Morpheus Prototypes LLC | 10-50018 |
| Winston Financial Services, Inc. | 10-50019 |
| Ovation Toys Co Ltd | 10-50020 |
| York International Corp | 10-50021 |
| Pavilion Investments Ltd | 10-50022 |
| Pin Usa | 10-50023 |
| Herschman Architects Inc | 10-50024 |
| Polyfit Industrial | 10-50025 |
| Honjen Industrial | 10-50026 |
| RGIS Inventory Specialists | 10-50027 |
| IVCI LLC | 10-50028 |
| Shanghai A&C Gem & Jewelry Importer | 10-50029 |
| JGA Inc. | 10-50030 |
| K Line America Inc | 10-50031 |
| Kiu Hung Industries | 10-50032 |
| 24 Seven Inc Tds | 10-50033 |
| Kam Hing Global | 10-50034 |
| Acme Plastic inc | 10-50035 |
| Labor Ready Northwest, Inc. | 10-50036 |
| ADT Security Systems Inc | 10-50037 |
| Link Source, LLC | 10-50038 |
| Macrosoft Inc | 10-50039 |
| Advance Internacional Ltd | 10-50040 |
| Akai Gift Manufacturer Ltd | 10-50041 |
| Artisan Creative | 10-50042 |
| Vira Manufacturing Inc | 10-50043 |
| Atlantic Island Drive Away Inc | 10-50044 |
| Christys By Design | 10-50045 |
| Big Apple Visual Group | 10-50046 |
| Bridge Metal Industries LLC | 10-50048 |

Exhibit A

| | |
|---|---|
| Bridge Terminal Transport | 10-50049 |
| Condurso & Sons Inc | 10-50050 |
| DEX Logistics | 10-50051 |
| Daman Express Inc | 10-50052 |
| Dynamex Inc | 10-50053 |
| Elizabeth L Haarlander | 10-50054 |
| Fumark Industries | 10-50055 |
| Gentle Giant Studios Inc | 10-50056 |
| Gilbert Express | 10-50057 |
| NCO Financial Systems Inc | 10-50131 |
| Associated Traders Hong Kong Limited | 10-50132 |
| Shanghai De Yeah Apparel Co., Ltd. | 10-50133 |
| Early Light Industrial Co. Ltd. | 10-50134 |
| Geologistics Americas n/k/a Agility Logistics | 10-50135 |
| Harland Clarke Corp. - Transource | 10-50136 |
| One To One Garment (HK) | 10-50137 |
| Pinghu Enjoy International Trading Co. | 10-50138 |
| Shanghai Jinlida Development Industry Co. Ltd n/k/a Shanghai Think Top Development Co. Ltd. | 10-50139 |
| Shehadi Commercial Carpet & Flooring | 10-50140 |
| Suzhou Soyea Toys Co. Ltd | 10-50141 |
| Pao Yuan Garments Corp. | 10-50142 |
| Newtex Appareal Co., Ltd. | 10-50143 |
| KS Best International Co. Ltd. | 10-50144 |
| Pada Industrial Far East Co. Ltd. | 10-50145 |
| Sensormatic Electronics Corp | 10-50146 |
| Shanghai Rong Heng International a/k/a Rongheng International Trading Co., Ltd | 10-50147 |
| Royalking Industrial Corp. | 10-50148 |
| Tern Sportswear (Pty) Ltd. | 10-50149 |
| Amstore Corporation | 10-50778 |
| Andrew E. Plakos | 10-50779 |
| Canon Business Solutions, Inc. | 10-50780 |
| E C Provini Co Inc | 10-50781 |
| Hyundai America Shipping Agency Inc. | 10-50782 |
| MOL America Inc. | 10-50784 |
| Palco International | 10-50785 |
| **American Express Travel Related Services Company, Inc.*** | 10-50790 |
| **Fedex Corporation*** | 10-50791 |
| **Office Depot, Inc.*** | 10-50792 |

**\*Richards Layton & Finger, P.A. does not represent the Plaintiff in this adversary proceeding.**

## Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **HOOP HOLDINGS, LLC, <u>et al.</u>,**[1] | ) | **Case No. 08-10544 (BLS)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |
| _____ | ) | |
| | ) | |
| **HOOP LIQUIDATING TRUST, by** | ) | |
| **and through Anthony J. Pacchia as** | ) | |
| **Liquidating Trustee,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Pro. No. [See attached Exh. A]** |
| | ) | |
| **[SEE ATTACHED EXHIBIT A],** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>**SCHEDULING ORDER**</u>

To promote the efficient and expeditious disposition of adversary proceedings, the

following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED THAT:**

1.      Any extension of time to file a responsive pleading is not effective unless

approved by Order of the Court.  Any motion for extension of time to file a responsive pleading

or stipulated order for such an extension must be filed with the court no later than ten (10) days

before the Initial Pretrial Conference in the adversary proceeding.

---

[1] The Debtors are the following three entities:  Hoop Holdings, LLC, a Delaware limited liability company; Hoop Retail Stores, LLC, a Delaware limited liability company; and Hoop Canada Holdings, Inc., a Delaware corporation.  An additional affiliate of the Debtors, Hoop Canada, Inc., a New Brunswick corporation, applied in Canada for protection from its creditors on March 27, 2008, pursuant to the Canadian Companies' Creditors Arrangement Act (the "Canadian Proceeding").  The Canadian Proceeding is being administered in Canada concurrently herewith.

2.      The above-captioned plaintiff (the "Plaintiff") and the above-captioned defendants (each a "Defendant" and, collectively, "Defendants" and, together with Plaintiff, the "Parties") shall exchange their initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than June 1, 2010.  Any extension of the deadline to provide the initial disclosures must be by Order of the Court and will only be granted for good cause shown.  The Parties are deemed to have satisfied any requirement to confer as described in Fed. R. Civ. P. 26(b) and/or Del. Bankr. L.R. 7016-1 by operation of the entry of this Order.

3.      All fact discovery shall be completed by September 30, 2010.

4.      Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors, by October 15, 2010.  If any Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be served by October 15, 2010.  Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be served by November 12, 2010.  Defendant shall serve any expert report intended to rebut any report on insolvency by Plaintiff by December 3, 2010.  All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).  All expert discovery shall be completed, and discovery shall close, by January 28, 2011.

5.      Mediation shall be conducted pursuant to the Court's *General Order Regarding Procedures in Adversary Proceedings* entered by the Honorable Mary F. Walrath on April 7, 2004 (as amended by general order entered on April 11, 2005) and as provided herein. On or prior to October 15, 2010, the Parties shall file a stipulation regarding appointment of a mediator or a statement that the parties cannot agree on a mediator and a request that the Court

2

select and appoint a mediator to the proceeding.  All mediations shall be concluded by January 28, 2011.

6.      Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion or (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of mediation.

7.      All dispositive motions shall be filed and served by February 18, 2011, and shall be subject to Rule 7007 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

8.      The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial one hundred eighty (180) days after the entry of the Order, or as soon thereafter as the Court's calendar permits.  The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

9.      Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the court appropriate evidence of such resolution as soon thereafter as is feasible.  Plaintiff shall file a status report every forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and, thirty (30), twenty (20) and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order.  Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

10.      Deadlines contained in this Scheduling Order may be modified either by Stipulation of the Parties without further order of the Court or by the Court for good cause

shown; <u>provided</u>, <u>however</u>, that the Parties may not modify the deadlines set forth in paragraph 5

or paragraph 7 without further order of the Court.

           11.     Plaintiff shall serve this Scheduling Order on each Defendant within five

(5) business days after the entry of this Order.

Dated: May _____, 2010
      Wilmington, Delaware


_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT A

| | Defendant Name | Adv. Pro. No. |
|---|---|---|
| 1. | Margaret E. Wray | 10-50006 |
| 2. | Star Global (North America Ltd.) | 10-50007 |
| 3. | Streamline Graphics | 10-50008 |
| 4. | Tekserve POS, LLC | 10-50009 |
| 5. | Total Transportation Services | 10-50012 |
| 6. | Tricarico Architecture | 10-50013 |
| 7. | United Van Lines | 10-50014 |
| 8. | US Lines Limited | 10-50015 |
| 9. | Mettel | 10-50016 |
| 10. | Morpheus Prototypes LLC | 10-50018 |
| 11. | Winston Financial Services, Inc. | 10-50019 |
| 12. | York International | 10-50021 |
| 13. | Pavilion Investments Ltd. | 10-50022 |
| 14. | Pin USA | 10-50023 |
| 15. | Herschman Architects Inc. | 10-50024 |
| 16. | RGIS Inventory Specialists | 10-50027 |
| 17. | IVCi LLC | 10-50028 |
| 18. | JGA, Inc. | 10-50030 |
| 19. | K Line America Inc. | 10-50031 |
| 20. | Kam Hing Global | 10-50034 |
| 21. | Labor Ready Northwest, Inc. | 10-50036 |
| 22. | ADT Security Systems, Inc. | 10-50037 |
| 23. | Macrosoft | 10-50039 |
| 24. | Artisan Creative | 10-50042 |
| 25. | Atlantic Island Drive Away, Inc. | 10-50044 |
| 26. | Christys By Design | 10-50045 |
| 27. | Bridge Terminal Transport | 10-50049 |
| 28. | Dynamex Inc. | 10-50053 |
| 29. | Gentle Giant Studios | 10-50056 |
| 30. | Gilbert Express | 10-50057 |

# EXHIBIT A

| | Defendant Name | Adv. Pro. No. |
|---|---|---|
| 31. | NCO Financial Systems, Inc. | 10-50131 |
| 32. | Early Light Indu. | 10-50134 |
| 33. | Harland Clark (Transource) Main Account | 10-50136 |
| 34. | Shehadi Rugs & Carpet | 10-50140 |
| 35. | Sensormatic Electronics Corp. | 10-50146 |
| 36. | Tern Sportswear | 10-50149 |
| 37. | Amstore Corporation | 10-50778 |
| 38. | Canon Business Solutions | 10-50780 |
| 39. | EC Provini Co., Inc. | 10-50781 |
| 40. | MOL America Inc. | 10-50784 |